[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 1201.]

OFFICE OF DISCIPLINARY COUNSEL *v.* MOUNT.

[Cite as *Disciplinary Counsel v. Mount*, 2002-Ohio-5446.]

*Attorneys at law—Misconduct—Reciprocal discipline from Florida—One-year suspension stayed, with probation—Gov.Bar R. V(11)(F)(4).*

(No. 2002-1274—Submitted and decided September 26, 2002.)

ON CERTIFIED ORDER of the Supreme Court of Florida, No. SC01-1900.

―――――――――――

{¶1} This cause is pending before the Supreme Court of Ohio in accordance with the reciprocal discipline provisions of Gov.Bar R. V(11)(F).

{¶2} On July 25, 2002, relator, Disciplinary Counsel, filed with this court a certified copy of an order of the Supreme Court of Florida entered May 2, 2002, in *Florida Bar v. Dick Wilson Mount, Jr.*, case No. SC01-1900, in which respondent, Dick Wilson Mount, Jr., was placed on probation for one year under the terms and conditions set forth in the report. On August 6, 2002, this court ordered respondent to show cause why identical or comparable discipline should not be imposed in this state. Respondent filed no response to the show cause order. This cause was considered by the court and on consideration thereof,

{¶3} IT IS ORDERED AND ADJUDGED by this court that pursuant to Gov.Bar R. V(11)(F)(4), respondent, Dick Wilson Mount, Jr., Attorney Registration No. 0037553, last known business address in Minerva, Ohio, be suspended for a period of one year, that the suspension be stayed, that respondent be placed on probation for a period of one year, and that he may not apply for termination of probation in Ohio until such time as his probation is terminated in the state of Florida.

{¶4} IT IS FURTHER ORDERED, sua sponte, by the court, that within 90 days of the date of this order, respondent shall reimburse any amounts that have

been awarded against the respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, sua sponte, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of such award.

{¶5} IT IS FURTHER ORDERED that respondent may not apply for termination of probation in Ohio until (1) respondent complies with the requirements for termination of probation set forth in the Supreme Court Rules for the Government of the Bar of Ohio; (2) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio; (3) respondent files evidence with the Clerk of this court and with Disciplinary Counsel demonstrating his termination of probation in Florida; (4) respondent complies with this and all other orders issued by this court; and (5) this court orders the probation of respondent terminated.

{¶6} IT IS FURTHER ORDERED that until such time as he fully complies with this order, respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

{¶7} IT IS FURTHER ORDERED, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

{¶8} IT IS FURTHER ORDERED, sua sponte, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

{¶9} IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be

made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.